IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JEREMY LAVELL BORDER,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15 C 5525 |
| **COOK COUNTY DEPARTMENT OF CORRECTIONS**, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

In consequence of the high (and growing) volume of prisoner litigation filed in this District Court, the regular handling of such litigation involves assignment to one member of a cadre of staff attorneys who address such pro se actions by preparing an appropriate draft order or opinion for consideration by the judge to whose calendar the case is formally assigned under the computerized random assignment system in force in this District. In this instance this Court is the assigned judge, and its request for delivery of a Judge's Copy of the complaint brought by plaintiff Jeremy Border ("Border") for its review while the assigned staff attorney is in the course of such preparation has disclosed a matter that calls for some action by Border in the interim.

28 U.S.C. § 1915 ("Section 1915")[1] has created a special type of in forma pauperis ("IFP") status for prisoner plaintiffs, under which any such plaintiff who qualifies for IFP status financially is not required to pay the $350 filing fee in advance but is liable for the full amount of

---
[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

that fee payable in installments.[2] Here Border has filled out and filed the form of In Forma Pauperis Application ("Application") that is provided by this District Court Clerk's Office, accompanying the Application (as Section 1915(a)(2) requires) by a printout reflecting all transactions in his trust fund account at the Cook County Department of Corrections ("County Jail," where he is in custody) for an extended period of time. But the problem that Border's papers present is that he has not identified the date of "filing" of the Complaint in the legal sense, so that the relevant six-month period for purposes of this Court's calculation under Section 1915(b)(1) is unknown to this Court.

For prisoner plaintiffs that date of "filing" is established by the "mailbox rule" (<u>Houston v. Lack</u>, 487 U.S. 266 (1988)), under which that is the date on which the prisoner either placed his papers in the mail himself or delivered them to the personnel at his place of incarceration for such mailing. In this case Border signed both the Complaint and the Affidavit on May 22, 2015, and the authorized officer at the County Jail who signed the Certificate affixed the same date to that Certificate -- yet the Clerk's Office has stamped Border's entire filing as not having been received until June 19. No explanation is provided for that four-week disparity.

Accordingly Border is ordered to supplement his already-received documentation by specifying the "filing" date in "mailbox rule" terms. That should be done promptly in the form of a brief statement headed by the court caption and explaining the basis for the claimed "filing" date. And because that date will mark the end of the six-month period specified in Section 1915(a)(2), which speaks of the "6-month period immediately preceding the filing of the complaint," while the printout previously submitted by Border has naturally provided

---

[2] By contrast, a nonprisoner plaintiff who qualifies for IFP status in financial terms is excused entirely from the payment of any filing fee.

information ending on May 21, 2015 (one day before the Certificate was signed), Border must also obtain and provide a further printout that lists all transactions in his trust fund account at the County Jail from that date to the "mailbox rule" date. This Court will then be able (1) to make the necessary calculation under Section 1915 and also (2) to act on Border's Motion for Attorney Representation, which too has been submitted on a Clerk's-Office-supplied form.

                                                                                                *[signature]*
                                                  _____
                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date: July 15, 2015