# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **JEREMY LAVELL BORDER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 5525 |
| | ) | |
| **COOK COUNTY DEPARTMENT OF** | ) | |
| **CORRECTIONS**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

On July 15 of this year this Court issued its sua sponte memorandum order ("Order") that explained in detail to pro se prisoner plaintiff Jeremy Border ("Border") the additional information that he was required to provide to enable this Court to make the determination prescribed by 28 U.S.C. § 1915 ("Section 1915") to qualify Border for the special type of in forma pauperis ("IFP") status applicable to prisoner plaintiffs. In retrospect the Order apparently gave Border more credit than he was entitled to by specifying that he should respond "promptly" rather than by a date certain.[1]

In any case, more than three weeks have elapsed since the issuance of the Order without any response by Border. This Court will not repeat its earlier mistake, if there was one -- instead Border is ordered to provide the information called for by the Order (a copy of which is attached

_____

[1] If that was indeed a mistake it was a thoroughly reasonable one -- Border's hand-printed Complaint was articulate to an extent seldom encountered in the volume of prisoner litigation filed in this District Court. There was certainly no reason disclosed by Border's self-prepared filing that even suggested any inability to understand and comply with the plain directive set out in the Order.

hereto as a precautionary measure against the possibility that Border has misplaced the copy

earlier transmitted to him) or before August 27, 2015.  If Border has not complied by that date,

this action will be dismissed for want of prosecution (although Border will still remain liable for

the payment of the $350 filing fee through future installment payments).

_____
Milton I. Shadur
Senior United States District Judge

Date:  August 5, 2015

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JEREMY LAVELL BORDER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 5525 |
| | ) | |
| **COOK COUNTY DEPARTMENT OF** | ) | |
| **CORRECTIONS**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

In consequence of the high (and growing) volume of prisoner litigation filed in this

District Court, the regular handling of such litigation involves assignment to one member of a

cadre of staff attorneys who address such pro se actions by preparing an appropriate draft order

or opinion for consideration by the judge to whose calendar the case is formally assigned under

the computerized random assignment system in force in this District. In this instance this Court

is the assigned judge, and its request for delivery of a Judge's Copy of the complaint brought by

plaintiff Jeremy Border ("Border") for its review while the assigned staff attorney is in the course

of such preparation has disclosed a matter that calls for some action by Border in the interim.

28 U.S.C. § 1915 ("Section 1915")[1] has created a special type of in forma pauperis

("IFP") status for prisoner plaintiffs, under which any such plaintiff who qualifies for IFP status

financially is not required to pay the $350 filing fee in advance but <u>is</u> liable for the full amount of

---

[1] All further references to Title 28's provisions will simply take the form "Section --,"
omitting the prefatory "28 U.S.C. §."

that fee payable in installments.[2]  Here Border has filled out and filed the form of In Forma

Pauperis Application ("Application") that is provided by this District Court Clerk's Office,

accompanying the Application (as Section 1915(a)(2) requires) by a printout reflecting all

transactions in his trust fund account at the Cook County Department of Corrections ("County

Jail," where he is in custody) for an extended period of time.  But the problem that Border's

papers present is that he has not identified the date of "filing" of the Complaint in the legal sense,

so that the relevant six-month period for purposes of this Court's calculation under Section

1915(b)(1) is unknown to this Court.

      For prisoner plaintiffs that date of "filing" is established by the "mailbox rule" (<u>Houston</u>

<u>v. Lack</u>, 487 U.S. 266 (1988)), under which that is the date on which the prisoner either placed

his papers in the mail himself or delivered them to the personnel at his place of incarceration for

such mailing.  In this case Border signed both the Complaint and the Affidavit on May 22, 2015,

and the authorized officer at the County Jail who signed the Certificate affixed the same date to

that Certificate -- yet the Clerk's Office has stamped Border's entire filing as not having been

received until June 19.  No explanation is provided for that four-week disparity.

      Accordingly Border is ordered to supplement his already-received documentation by

specifying the "filing" date in "mailbox rule" terms.  That should be done promptly in the form

of a brief statement headed by the court caption and explaining the basis for the claimed "filing"

date.  And because that date will mark the end of the six-month period specified in

Section 1915(a)(2), which speaks of the "6-month period immediately preceding the filing of the

complaint," while the printout previously submitted by Border has naturally provided

---

[2]  By contrast, a nonprisoner plaintiff who qualifies for IFP status in financial terms is
excused entirely from the payment of any filing fee.

information ending on May 21, 2015 (one day before the Certificate was signed), Border must also obtain and provide a further printout that lists all transactions in his trust fund account at the County Jail from that date to the "mailbox rule" date. This Court will then be able (1) to make the necessary calculation under Section 1915 and also (2) to act on Border's Motion for Attorney Representation, which too has been submitted on a Clerk's-Office-supplied form.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 15, 2015