**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JEREMY LAVELL BORDER**,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 5525 |
| | ) | |
| **COOK COUNTY DEPARTMENT OF CORRECTIONS**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This Court's short August 5, 2015 memorandum order ("Order II") followed up on its sua sponte July 15 memorandum order ("Order I") by repeating this Court's directive to provide the additional information needed to enable this Court to make the calculations called for by 28 U.S.C. § 1915. That was coupled with a warning that if Border did not comply with that

[1] Is plaintiff's surname "Border" or "Borders"? Although this and earlier memorandum orders by this Court employ the former spelling, the internal evidence provides a mixed bag. For example, the original 42 U.S.C. § 1983 ("Section 1983") Complaint sometimes includes a final "s" and sometimes does not -- the caption there had included a final "s" that had been scratched out before filing, and the narrative text of the Complaint, as well as the accompanying In Forma Pauperis Application and Motion for Attorney Representation (all of which are set out in an elegant hand-printed and literate form, by contrast with the Dkt. No. 7 submission received in the Clerk's Office on August 5 and referred to later in the text of this memorandum order), are not consistent in their usage. All indications are that a scrivener acted for Border in the preparation of his original filing -- and though some other scrivener may have acted for Border in the preparation of Dkt. No. 7, which contains a lot of errors as the original filings did not, that latter document begins:

> To whom it may concern my name is Jeremy Lavell Borders Case No. 15cv 5525.

On balance, however, this memorandum order will continue to omit the final "s" because the Department of Corrections' trust fund printout shows that plaintiff is registered with the prison system under the name "Border."

directive by August 27, that failure could result in a dismissal of this action for want of prosecution.

As chance would have it, the August 5 issuance of Order II coincided with the date on which Border's hand-printed "To whom it may concern," containing an explanation of the difficulties that he had encountered in attempting to comply with this Court's directive, had crossed Order II in the mail. But the matter remained in a state of confusion because (for no reason known to this Court) no copy of Dkt. No. 7 was then transmitted to this Court's chambers by the Clerk's Office. Instead this Court learned of Border's filing as the result of a later followup inquiry on its part when it had received nothing by the designated August 27 date.

In summary, this Court accepts the representations by Border as set out in Dkt. No. 7. But having done so, it cannot treat the late May 2015 date of his original delivery to prison personnel at the Jerome Combs Detention Center in Kankakee County as the "mailbox rule" date of "filing," because Border had admittedly not provided the requisite postage for mailing at that time.

Accordingly Border is again directed to obtain the correct "mailbox rule" date, as he has said he would do, at the earliest possible time. When he has done that and has provided this Court with that date as well as the names of the institutions and the dates where and when he was in custody for the six months preceding that "mailbox rule" date, this Court will follow up with the correctional institutions in obtaining the necessary printouts of transactions in his trust fund account there during that time frame (rather than imposing that burden on Border, who is less likely to get a prompt response to such a request).

In the meantime Border's original In Forma Pauperis Application ("Application") appears to confirm that he will qualify for that status, while his Motion for Attorney Representation

("Motion") has complied with our Court of Appeals' requirement that a pro se prisoner plaintiff must have made reasonable efforts to obtain counsel on his or her own. This Court therefore grants the Motion and has obtained the name of this member of the trial bar who is designated to represent Border in this case:

Timothy D. McMahon
Wiedner & McAuliffe, Ltd.
One North Franklin
Suite 1900
Chicago, Illinois 60606
(312) 855-1105
Email: tdmcmahon@wmlaw.com.

Finally, this Court is contemporaneously issuing its typical initial scheduling order, setting a status hearing of 9 a.m. November 2, 2015.

Milton I. Shadur
Senior United States District Judge

Date: September 3, 2015