IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JEREMY LAVELL BORDER**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 5525 |
| ) | |
| **COOK COUNTY DEPARTMENT OF** ) | |
| **CORRECTIONS**, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

Because this Court has now received both (1) a confirmation of the June 15, 2015 "mailbox rule" (see Houston v. Lack, 487 U.S. 266 (1988)) filing date of this 42 U.S.C. § 1983 action originally brought pro se by prisoner plaintiff Jeremy Border ("Border") and (2) the printout of Border's trust fund account transactions at the Cook County Department of Corrections ("County Jail") spanning the entire six-month period before that filing date (see 28 U.S.C. § 1915(a)(2)[1]), this Court is in a position to make the calculation called for by Section 1915(b)(1). It has determined that the average monthly deposits to that account during that time span amounted to $104.17, so that 20% of that amount (id.) comes to $20.83. Accordingly Border is assessed that initial partial filing fee of $20.83 plus 20% of all deposits to that trust fund account from June 15 through November 30, 2015, and the County Jail trust fund officer is ordered to collect that amount from Border's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

---
[1] Further citations to subsections of that statute will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

Office of the Clerk
United States District Court
219 South Dearborn Street
Chicago IL 60604

Attention: Fiscal Department.

After such payment the trust fund officer at the County Jail (or at any other correctional facility where Border may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Border's name and the 15 C 5525 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

In terms of motions in the case currently shown in the docket as still pending, Docket Nos. 3 and 20 are granted. Although such grants of in forma pauperis status normally trigger the handling of service of process by the Marshals Service, in this instance the trial bar member whom this Court has earlier designated to represent Border may opt to take over that chore himself. Counsel is directed to make that decision and to communicate it to the Marshals Service on or before December 4, 2015.

Finally, as for Docket No. 18, a document self-prepared by Border and captioned "Motion for Deliberate Indifference," it was prepared by Border after this Court had already designated counsel to represent him (although Border may have been unaware of that designation because his custodial relocation may have prevented this Court's August 5 order

from reaching him earlier). Hence that self-representation by Border was no longer appropriate.

Docket No. 18 is therefore denied without prejudice to its possible reassertion by counsel.

                                                                     Milton I. Shadur
                                                                     Senior United States District Judge

Date: November 19, 2015