IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JEREMY LAVELL BORDER**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 15 C 5525 |
| **COOK COUNTY DEPARTMENT OF CORRECTIONS**, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Defense counsel in this action, Assistant State Attorney's Attorney John Power, has just filed two responsive pleadings -- one captioned "Defendants' Answer to Plaintiff's Complaint" (filed on behalf of defendants Cook County and an Officer Sonney) and the other a motion by another defendant, Superintendent Arce, to be dismissed from this action, the latter being scheduled for presentment on February 22. This brief memorandum order is issued sua sponte to address the first of those pleadings.

Unfortunately all too many of the responses in the Answer invoke the disclaimer provision of Fed. R. Civ. P. ("Rule") 8(b)(5), which is intended for use whenever a defendant cannot in good conscience (and in conformity with Rule 11(b)) conform to the requirement of Rule 8(b)(1)(B) to "admit or deny the allegations asserted against it by an opposing party." Such overuse of the Rule 8(b)(5) disclaimer results in a failure to serve the "notice pleading" function addressed in the Twombly-Iqbal canon -- a function that in this Court's view is appropriately called for on both sides of the "v." sign, so that cases can go forward with a full mutual

understanding of what matters are and what matters are not at issue in a lawsuit.[1] Thus, to point out just a few instances of such overuse, there is obviously no predicate for responding in Rule 8(b)(5) terms to Complaint ¶¶ 5, 6, 10, 20, 34, 36 and 37. In addition, it would seem quite possible that such responses to some or all of Complaint ¶¶ 26 through 29 and 33 are inappropriate.

Because as stated earlier defense counsel has noticed up the Superintendent Arce motion to dismiss for presentment on February 22, counsel is expected to review the Answer that has been dealt with in this memorandum order between now and then. It is further expected that counsel will indicate at that time whether an Amended Answer is called for.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 9, 2016

---

[1] This Court recognizes that Twombly and Iqbal speak of "notice pleading" in terms of a plaintiff's responsibility, but there is no logical reason that the function should be thus limited.